WILLIAM W. WOODWORTH, ADMINISTRATOR, &c., AND E. V. BUNN, ASSIGNEE, COMPLAINANTS AND APPELLANTS, *v.* JAMES, BENJAMIN, AND ALPHEUS WILSON.

An objection to the validity of Woodworth's patent for a planing-machine, namely, that he was not the first and original inventer thereof, is not sustained by the evidence offered in this case.

Nor is the objection well founded, that the specifications accompanying the application for a patent are not sufficiently full and explicit, so as to enable a mechanic of ordinary skill to build a machine.

An assignee of the exclusive right to use ten machines within the city of Louisville, or ten miles round, may join his assignor with him in a suit for a violation of the patent right, under the circumstances of this case.

Woodworth et al. v. Wilson et al.

THE bill was filed in this case, in the Circuit Court for the District of Kentucky, by the complainants, setting forth that William Woodworth was the inventer and patentee of a certain planing-machine, describing it; also, the extension of the said patent to W. W. Woodworth, as administrator, and that E. V. Bunn, one of the complainants, took an assignment from the said W. W. Woodworth for the exclusive right of making, using, and vending machines for planing, &c., under the extension of the patent, within the limits of the city of Louisville, and in the district of country ten miles around said city.

The bill further charges, that the defendants have, in violation of the rights of the complainants, erected and put in operation in the city of Louisville a planing-machine, &c., which machine is, in all its material parts, substantially like and upon the plan of the machine of the complainants, and persist in using the same.

The defendant James Wilson answered the bill, substantially denying most of the material allegations contained in it. The other defendants answered by denying that they had any interest in the machine.

The court granted an injunction, enjoining the defendant James Wilson from using the machine.

Afterwards an application was made to the court, on behalf of the complainants, for a rule upon the defendant, James Wilson, to show cause why an attachment should not be issued against him for a violation of the injunction, which was accordingly granted.

The defendant showed cause by affidavit, in which he affirms, that immediately on the service of the injunction he had ceased to use the machine mentioned in the bill, and conformed himself to the order of the court, and that he had purchased and set up Bicknell's planing-machine, which he was using, and which was substantially different from the machine of the complainants.

Much testimony was taken in the court below, on the question whether the machine which the defendant had substituted and was using was, in all its material and substantial parts, like Woodworth's, which it is not material to refer to more particularly. A great deal of testimony was also taken, for the purpose of showing that Woodworth was not the original inventer of the complainant's machine, which it is also not necessary to recite.

The cause afterwards came to a hearing on the merits, upon the pleadings and proofs, and also upon the rule previously granted against the defendant, to show cause why an attachment should not issue for a violation of the injunction, and, after consideration, the court dissolved the injunction and dismissed the bill, and discharged the rule to show cause, with costs.

As the opinion of the court refers in general terms to the interest of Woodworth under the assignment, as a justification for his

being joined as a party in the suit, it is proper to set forth the assignment, which was as follows.

*Transfer from Woodworth, Administrator, &c., to E. V. Bunn.*

"Whereas William Woodworth, now deceased, did, in his lifetime, obtain letters patent, issued under the great seal of the United States, bearing date the 27th day of December, 1828, giving and granting to him, the said Woodworth, his heirs, administrators, and assigns, for and during the term of fourteen years from the date of the said letters patent, the full and exclusive right and liberty of making, constructing, using, and vending to others to be used, a certain improved method for planing, tonguing, grooving, and cutting into mouldings, or either, plank, boards, or any materials, and for reducing the same to an equal width and thickness; and also for facing and dressing brick, and cutting mouldings in, or facing, metallic, mineral, or other substances.

"And whereas William W. Woodworth, administrator of said William Woodworth, hath applied and obtained an extension of said letters patent for the term of seven years from and after the expiration of said patent, to wit, the 27th day of December, 1842, pursuant to an act of Congress in such case made and provided, and hath a certificate of said extension annexed to said patent, signed by the Commissioner of Patents, under the great seal of the patent-office of the United States, and dated November 16th, A. D. 1842. And whereas E. V. Bunn, of the city of Louisville, in the State of Kentucky, hath fully viewed, examined, and considered for himself the said improvement, and of his own motion hath requested and desired the said William W. Woodworth, administrator of said William Woodworth, deceased, to give a license and permission, in writing, for constructing and using machines on the said improved plan in the city of Louisville aforesaid, including the district of country within ten miles of said city, and in no other city, town, or place in the United States, or the territories thereof, on the conditions hereinafter mentioned; and have offered to pay him the sum of fifteen hundred dollars for such license and consent in writing; with which request and desire the said William W. Woodworth, administrator of William Woodworth, deceased, has agreed to comply.

"Now, know all men by these presents, that the said W. W. Woodworth, administrator of William Woodworth, deceased, in consideration of the said sum of fifteen hundred dollars, secured to be paid to him, the said William W. Woodworth, administrator of William Woodworth, deceased, doth hereby give his full consent and permission in writing, and license to the said E. V. Bunn, and to his executors, administrators, and assigns, to construct and use, during the said extension of the aforesaid patent, ten planing-machines on the improved plan aforesaid, within the city of Louisville,

Woodworth et al. *v.* Wilson et al.

and including the district of country within ten miles of said city, and in no other city, town, or place within the United States or the territories thereof; and also, within said limits, to dispose of the plank or other things dressed and prepared in the said machines; and he doth also hereby authorize and empower the said E. V. Bunn, and his executors, administrators, and assigns, in the name of said Woodworth, administrator aforesaid, or in his own name, to commence and prosecute to final judgment any suit or suits against any person or persons who shall construct or use the said improvements within the said limits, contrary to the true meaning and intent of the aforesaid letters patent, and the extension thereof, and the laws in such case made and provided; and to receive for his own benefit, and at his own proper costs and charges, any penalty or penalties which he may recover. And in consideration of the premises, it is hereby covenanted and agreed, by and between the said William W. Woodworth, administrator of William Woodworth, deceased, his executors, administrators, and assigns of the one part, and the said E. V. Bunn, his executors, administrators, and assigns of the other part, as follows, viz. :—

" 1st. That the said William W. Woodworth, administrator of William Woodworth, deceased, his executors or administrators, during the terms aforesaid, shall not, nor with themselves, construct, or use, nor give their license, consent, and permission to any other person than the said E. V. Bunn to construct or use, the improved planing-machine, aforesaid, within the said city of Louisville, or within the district of country within ten miles of said city.

" 2d. That the said E. V. Bunn, his executors, administrators, and assigns, shall not nor will, during the times aforesaid, construct or use more than ten machines as aforesaid within the limits above mentioned, nor construct or use any such machines, nor sell and dispose of any plank or other thing dressed and prepared in such machine, anywhere else within the United States and the territories thereof; it being declared to be the true intent and meaning of these presents that not more than ten planing-machines in the whole shall be constructed and used by virtue of the license, consent, and permission herein given.

" 3d. It is understood and agreed that the said William W. Woodworth has entered and filed at the patent-office, at Washington, a disclaimer of that part of said patent for the planing-machine which claims the reduction of materials, boards, and plank to an equal width and thickness by circular saws; and a lien is retained and renewed on this assignment for the security of the payment of the fifteen hundred dollars, — the consideration and purchase-money to be paid to said Woodworth.

" Signed, sealed, and delivered, this 21st day of June, 1843.

W. W. WOODWORTH, [L. S.]
*Administrator of W. Woodworth, deceased.*

" The words ' to him in hand paid by the said' were erased, and the word ' ten,' and the words ' in the name of said Woodworth, administrator aforesaid, or in his own name,' were interlined before the execution of the foregoing instrument in presence of D. E. Sickles."

The cause was argued by *Mr. Latrobe* and *Mr. Staples*, for the complainants, Woodworth and Bunn, and by *Mr. Bibb*, for the defendants.

Mr. Justice NELSON delivered the opinion of the court.

The objection taken, that the administrator could not apply for an extension of the patent granted to Woodworth, his intestate, under the eighteenth section of the patent law, has been disposed of in the previous case of Wilson *v.* Rousseau et al., and need not be further noticed.

Another objection taken to the right of the complainants to maintain the suit is, that Woodworth was not the first and original inventer of the planing-machine, against the using of which the defendant was enjoined.

Without going into the proofs in the case, which are very voluminous, it will be sufficient to state, that after fully considering all the evidence produced bearing upon the question, the court is satisfied that the weight of it is decidedly against the objection, and in favor of the allegation in the bill, that Woodworth was the original inventer of the machine.

It is objected, also, that the specifications accompanying the patent were not sufficiently full and explicit, so as to enable a mechanic of ordinary skill to build a machine. The court is not satisfied, according to the proof in the case, that the objection is well founded, and it cannot be relied on as affording sufficient ground for the dismissal of the bill.

A further objection was taken, that W. W. Woodworth, one of the complainants, was improperly joined with E. V. Bunn, the assignee of the exclusive right in Louisville and ten miles around it. The court is of opinion, that the interest of Woodworth in the assignment, as appears from the record, is sufficient to justify his being made a party jointly with the assignee.

Some other objections were taken to the maintenance of the suit on the argument, which it is not material to notice particularly; they have all been considered, and in the judgment of the court afford no sufficient ground for the dismissal of the bill and the dissolving of the injunction.

We think the court erred, and that the decree dismissing the bill, as to the defendant James Wilson, and dissolving the injunction, should be reversed, and that a perpetual injunction should issue.